IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESTRY E. THOMAS, <br> TDCJ NO. 1257786, <br><br> Plaintiff, <br><br> v. <br><br> T.D.C.J., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-14-1644 |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Destry E. Thomas (TDCJ #1257786), an inmate of the Estelle Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against an assortment of TDCJ officials for various perceived civil rights violations. Thomas has not paid the filing fee and presumably seeks permission to proceed in forma pauperis. Thomas has a history of filing numerous frivolous and repetitive pleadings and is barred under the three-strikes provision of the Prison Litigation Reform Act (PLRA). See, e.g., Thomas v. TDCJ, Civil No. H-14-1643 (S.D. Tex. 2014). After reviewing all of the pleadings and Thomas's litigation history, the court will dismiss this action.

Under the three strikes provision of the PLRA, a prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or

appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). An inmate may circumvent § 1915(g)'s bar only if he presents allegations showing that he is in imminent danger of physical harm at the time that he files his suit. Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

Thomas has been a prolific and vexatious pro se litigator in the federal district courts of Texas. The Public Access to Court Electronic Records ("PACER") website reveals that Thomas has filed more than **sixty-five** federal prisoner civil rights complaints and habeas petitions since 1995. Courts have dismissed as frivolous at least four of his prisoner civil rights complaints. Thomas v. Castillo, Civil No. H-09-3871 (S.D. Tex. 2009); Thomas v. Mooneyham, Civil No. 7:07cv137 (N.D. Tex. 2007); Thomas v. Bravo, Civil No. 5:00cv835 (W.D. Tex. 2000); Thomas v. Bravo, Civil No. 5:97cv881 (W.D. Tex. 1997). In addition, the United States Court of Appeals for the Fifth Circuit dismissed one of Thomas's appeals as frivolous. Thomas v. McFarland, Appeal No. 02-21267 (5th Cir. 2003).

In the present action Thomas complains that he was denied materials from the library on June 13, 2012. He also alleges that the law librarian subjected him to verbal harassment and threats when he refused to return several folders that were in his cell. Thomas claims that her actions were retaliatory. Thomas further

complains that he has been the victim of extortion and has been denied food. He also alleges that a large number of TDCJ staff members sexually assaulted him during mid-November of 2013.

The facts asserted in this lawsuit are similar to the many lawsuits filed by Thomas over the years that allege improbable if not bazaar scenarios. In one prior action, Thomas alleged that he was sexually assaulted by three wardens, a major, a captain, two lieutenants, three sergeants, twenty correctional officers, a counsel substitute, a case manager, three law library officers, a librarian, three registered nurses, a licensed vocational nurse, and a physician's assistant. Thomas v. Doe, H-12-3632 (S.D. Tex. 2013). The district court dismissed the complaint after finding that there was no logical basis for giving Thomas's complaint serious consideration. Id., citing Denton v. Hernandez, 112 S. Ct., 1728, 1733 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible . . ."); Prewitt v. United States Postal Serv., 754 F.2d 641, 641 (5th Cir. 1985) ("[W]e stand at the gate of the realms of fantasy. We decline to enter in."). Thomas raised similar claims of rape and sexual assaults in previous suits filed in the Southern District of Texas that were summarily dismissed with a finding that there was no indication that he was in any immediate danger. See Thomas v. Jackson, No. H-11-2725 (S.D. Tex. 2011); Thomas v. Gibson, No. H-11-1788 (S.D. Tex. 2011); Thomas v. Gibson, No. H-11-1638 (S.D. Tex. 2011); Thomas v.

Sweetin, No. H-11-1417 (S.D. Tex. 2011). Court records outside of the Southern District reveal that Thomas has a practice of attempting to prosecute claims that have already been dismissed. See, e.g., Thomas v. Bravo, Civil No. 5:00cv835. It is apparent that the present action is another attempt to pursue a baseless claim that has been previously rejected because it is a product of fantasies, not facts.

A close inspection of Thomas's pleadings reveals that his actual complaint, if there is a plausible one, is his dissatisfaction with the library services at the Estelle Unit. Regardless of whether Thomas has been able to have access to the prison library, there is nothing in his complaint that supports a finding that he was in immediate danger when he filed it. See Bell v. Livingston, 356 F. App'x 715, 716 (5th Cir. 2009); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending.") citing WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 611 (1984). Consequently, his history of filing frivolous complaints about prison conditions bars him from filing another such complaint without paying the entire filing fee in advance. 42 U.S.C. § 1915(g).

Thomas's history of filing complaints that are both frivolous and repetitive warrants an admonishment from the court that he cannot continue to waste judicial resources with claims which serve no purpose other than to harass the court system. See Day v.

Allstate Ins. Co., 788 F.2d 1110, 1114 (5th Cir. 1986). Thomas is **ADMONISHED** that he may be **SANCTIONED** if he files another civil rights complaint that has no basis in law.

Although Thomas has not shown that he is in any immediate danger, the court is concerned that he may need closer analysis by trained personnel. The court is aware that TDCJ has limited resources to treat inmates and that some discretion is necessary. The court is also mindful that its duty to protect prisoners' constitutional rights does not give it the authority to manage the day-to-day functions of the custodians who are responsible for the inmates' welfare. See Ruiz v. Estelle, 679 F.2d 1115, 1126 (5th Cir. 1982). Therefore, the court **INSTRUCTS** the Clerk to send a copy of this Memorandum Opinion and Order to the senior warden at the Estelle Unit, the director of TDCJ health services, and the TDCJ General Counsel for advisory purposes only.

## Conclusion and Order

The court **ORDERS** as follows:

1. Plaintiff's complaint (Docket Entry No. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

2. Destry E. Thomas (TDCJ #1257786) is **WARNED** that he may be sanctioned if he continues to file pleadings that are duplicative or are barred under 28 U.S.C. § 1915(g) without submitting the necessary fee.

3. **The Clerk will provide copies of this Memorandum Opinion and Order by regular mail**

-5-

or by electronic means if available to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax No. 512-936-2159; the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List; Senior Warden Tracy Bailey, TDCJ Estelle Unit, 264 FM 3478, Huntsville, Texas 77320-3320; to Dr. Lannette Linthicum, Director of the TDCJ Health Services Division, 3009-A Highway 30 West, Huntsville, Texas 77430-0769; and to the TDCJ Office of the General Counsel, 209 West 14th Street, Suite 500, Austin, TX 78711.

**SIGNED** at Houston, Texas, on this the 16th day of July, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE